**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-7778**

RANDALL LEE TAYLOR,

Petitioner - Appellant,

versus

CHARLES M. CONDON, Attorney General of the
State of South Carolina; SOUTH CAROLINA
DEPARTMENT OF CORRECTIONS,

Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Henry M. Herlong, Jr., District Judge.
(CA-01-2727-3-20-BC)

Submitted: February 6, 2003          Decided: February 12, 2003

Before WILKINS, MICHAEL, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Randall Lee Taylor, Appellant Pro Se.  Donald John Zelenka, Chief
Deputy Attorney General, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Randall Lee Taylor seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his petition filed under 28 U.S.C. § 2254 (2000). Taylor also appeals from the district court's order denying his motion filed under Fed. R. Civ. P. 59(e). We deny a certificate of appealability and dismiss the appeal.

Parties in a civil action are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying relief on Taylor's § 2254 petition was entered on the docket on September 10, 2002. Taylor's notice of appeal was filed on November 13, 2002.[1] Because Taylor failed to file a timely notice of appeal or to obtain an extension

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

or reopening of the appeal period, we dismiss this portion of the appeal for lack of jurisdiction.[2]

With regard to the denial of the Rule 59(e) motion, Taylor has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c) (2000).  Accordingly, we dismiss this portion of the appeal for the reasons stated by the district court.  Taylor v. Condon, No. CA-01-2727-3-20-BC (D.S.C. filed Oct. 11, 2002, entered Oct. 17, 2002).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[2] Although Taylor filed a Rule 59(e) motion, his motion did not toll the appeal period because it was filed more than ten days after entry of the district court's final judgment.  Fed. R. App. P. 4(a)(4).

3